IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPRING STREET PROPERTY, LLC and JOE HARRIS, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-01147 |
| GENERAL STAR INDEMNITY COMPANY, | § § § § | |
| *Defendant.* | § § | |

## DEFENDANT GENERAL STAR INDEMNITY COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant General Star Indemnity Company ("General Star"), hereby removes the action styled and numbered *Spring Street Property, LLC and Joe Harris v. General Star Indemnity* Company, Cause No. 20-07-08440, pending in the 284th Judicial District Court of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On July 17, 2020 Plaintiffs Spring Street Property, LLC and Joe Harris ("Plaintiffs") filed their Original Petition in the 284th District Court of Montgomery County, Texas–Cause No. 20-07-08440 against Defendants General Star Indemnity Company and Dale Kuck ("Defendant" or "General Star"). Plaintiffs requested a jury trial.

## II.   DEFENDANT GENERAL STAR'S REMOVAL IS TIMELY

2. General Star was served with the Original Petition and citation on July 28, 2020. General Star filed its Answer on August 24, 2020 in the 284th District Court of Montgomery County, Texas, in which General Star elected to accept unconditional responsibility for whatever liability Defendant Dale Kuck might have to Plaintiffs pursuant to Texas Insurance Code § 542A.006.

3. On March 9, 2021, General Star filed an Unopposed Motion to Dismiss Defendant Dale Kuck with prejudice pursuant to its election to accept unconditional responsibility for whatever liability Defendant Dale Kuck might have to Plaintiffs pursuant to Texas Insurance Code § 542A.006.

4. On March 9, 2021, the District Court issued an Order Granting the Unopposed Motion to Dismiss Defendant Dale Kuck with Prejudice.

5. Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove a case that becomes removable after the initial pleading is filed.

6. General Star, a foreign insurance company, files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b)(3).

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

## III.   BASIS FOR REMOVAL

8. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.  Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and General Star, and the amount in controversy exceeds $75,000 excluding interest and costs.

9. Plaintiff Spring Street Property, LLC was at the time this lawsuit was filed, and at the date of this Notice remains, organized under the laws of the State of Texas with its principal place of business in Houston, Texas.

10. The citizenship of an LLC is determined by the citizenship of all of its members.[1] To establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.[2] Plaintiff is a Texas LLC and has one member: Joseph Harris. Joseph Harris' address on the Texas Secretary of State's website is P.O. Box 61, Houston, Texas 770001, and is therefore domiciled in Texas.

11. Thus, Plaintiffs are citizens of Texas for purposes of this Court's diversity jurisdiction.

12. Defendant, General Star is an insurance company incorporated in the State of Delaware with its principal place of business in Connecticut. Defendant is thus a citizen of Delaware and Connecticut for purposes of diversity jurisdiction.

13. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and General Star.

## IV.   AMOUNT IN CONTROVERSY

14. If it is facially apparent that Plaintiffs' claims exceed the jurisdictional amount, General Star's burden is satisfied.[3]

15. When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must

---

[1] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[2] *MidCap Media Fin. LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

[3] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

determine the amount in controversy in light of" the claims in the state court petition as they existed at the time of removal."[4]

16. The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[5] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[6]

17. Plaintiffs seek monetary relief of over $200,000 but not more than 1,000,000.[7]

18. Thus, Plaintiffs' claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## V. COMPLIANCE WITH 28 U.S.C. § 1446

19. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 284th District Court of Montgomery County, Texas.

20. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

---

[4] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[6] *See Hartford Ins. Grp. v. Lou–Con Inc*., 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

[7] *See* Plaintiffs' Original Petition, attached as **Exhibit C**.

21. In compliance with Local Rule 81, the following documents are attached:

   A. Index of Matters Being Filed with Notice of Removal—identified as Exhibit A;

   B. All executed process in the case—identified as Exhibit B;

   C. Plaintiffs' Original Petition—identified as Exhibit C;

   D. a copy of the docket sheet in the state court action—identified as Exhibit D;

   E. A list of all counsel of record, including addresses, telephone numbers and parties represented—identified as Exhibit E.

## VI. JURY DEMAND

Plaintiffs did request a jury trial by filing a Request for Jury Trial and Motion to Strike the Nonjury Trial Setting on January 19, 2021.

## VII. CONCLUSION

WHEREFORE, Defendant General Star Indemnity Company requests that this action be removed from the 284th Judicial District Court of Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By:     */s/ Lindsey P. Bruning*
    Kristin C. Cummings
    Attorney-in-Charge
    Texas Bar No. 24049828
    Southern District Bar No. 719639
    kcummings@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEY-IN-CHARGE FOR DEFENDANT GENERAL STAR INDEMNITY COMPANY**

**OF COUNSEL:**

Lindsey P. Bruning
Texas Bar No. 24064967
Southern District Bar No. 997691
lbruning@zelle.com
Han N. Kim
Texas Bar No. 24100926
Southern District Bar No. 3321437
hkim@zelle.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Notice of Removal has been served this 8th day of April, 2021, in compliance with the Federal Rules of Civil Procedure by electronic service as follows:

Alexander S. Taylor
State Bar No. 24098505
alex@hope-causey.com
John M. Causey
State Bar No. 04019100
hcdocket@hope-causey.com
**HOPE & CAUSEY, P.C.**
815 W. Davis Street, Suite 300
Conroe, Texas 77301
Telephone:   (936) 441-4673
Facsimile:   (936) 441-4674
**ATTORNEYS FOR PLAINTIFF**

                         */s/ Lindsey P. Bruning*
                         Lindsey P. Bruning