# Exhibit B

Received and E-Filed for Record
7/17/2020 12:24 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Julia Meyer

CAUSE NO.: ___20-07-08440___

| | | |
|---|---|---|
| **SPRING STREET PROPERTY, LLC AND JOE HARRIS** | § § § § § § § | **IN THE DISTRICT COURT** |
| **VS.** | § § § | **MONTGOMERY COUNTY, TEXAS** |
| | § | **Montgomery County - 284th Judicial District Court** |
| **GENERAL STAR INDEMNITY COMPANY AND DALE KUCK** | § § § | **____TH JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, Spring Street Property, LLC, files this original petition and request for disclosure against Defendant, General Star Indemnity Company, and alleges the following:

## I.     DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in TRCP 169. Plaintiff seeks monetary relief over $200,000.00 but not more $1,000,000.00.

## II.     PARTIES

2.     Plaintiff, Spring Street Property, LLC, ("Spring Street") is a domestic corporation organized and existing under the laws of the State of Texas. Its registered office is located at 1824 Spring Street, Houston, Texas, 77007.

3.     Defendant, General Star Indemnity Company, ("General Star") is a foreign corporation and may be served pursuant to the parties contract by serving the insurer in care of its Corporate Secretary, Attention: Legal Department, General Star Indemnity Company, P.O. Box 119

Stamford, CT, 06904 via certified mail, return receipt requested. *Plaintiff requests service at this time.*

4.      Defendant Dale Kuck is an individual resident of Houston, Texas. Kuck may be served with citation at the address listed with the Texas Department of Insurance:  7900 Windrose Ave., Plano, Texas 75024-0266 via certified mail, return receipt requested. *Plaintiff requests service at this time.*

### III.      JURISDICTION AND VENUE

5.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6.      The Court has personal jurisdiction over Defendant General Star because it has contracted by mail or otherwise with Plaintiff, a Texas resident, and both parties are to perform their contractual obligations under the contract in whole or in part in Texas. Plaintiff paid its insurance premiums in Texas and Defendant was obligated to pay for covered losses to a specific property, located in Texas.

7.      The Court has personal jurisdiction over Defendant Kuck, a resident of the State of Texas.

8.      Venue is proper in Montgomery County under Texas Civil Practice and Remedies Code § 15.032 because the insured property is situated in Montgomery County. Furthermore, it is the County in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV.      BACKGROUND FACTS

9.      Plaintiff's claims arise out of an insurance claim for storm damage to its real property that occurred on or about February 22 through February 26, 2018. Plaintiff Spring Street and Defendant General Star had entered into an insurance contract in November 2015, and it had

been renewed yearly through the 2018. This contract obligated General Star, in exchange for Spring Street's insurance premium payments, to insure Plaintiff's property located at 35 Water's Edge in Montgomery, Texas, 77356 from loss.  This February 2018 storm caused rain to breach the A/ C system and spread through the ductwork to almost every part of the house.

10.     The storm damage caused the Plaintiff's property to need substantial repairs. In fact, the storm damage to the property was so significant that estimate to repair the storm caused damage was more than 50% of the appraisal value of the home. Pursuant to Montgomery County Law, Plaintiff was required to update certain elements of the home in order to bring it into code. This increased the cost of repairs made necessary by the storm that had damaged his house. Although these damages were covered under the parties' contract, Defendant has refused to pay them. General Star hired Sedwick Claims Management to help adjust Spring Street's claim. Dale Kuck was assigned to the claim. General Star, relying in part on Kuck's estimates, has refused to pay for the full scope of covered damages to Plaintiff's property, despite their contractual obligation to do exactly that. Plaintiff has even attempted two invoke appraisal on two separate occasions in an effort to avoid litigation, and General Star has completely ignored both demands.

11.     As a consequence of the storm damage and General Star's wrongful underpayment of Spring Street's claim, Spring Street has incurred additional expenses as a result of losing the use of this property, including rental income, moving expenses, storage expenses, and additional lawncare and maintenance expenses for the rental property.

12.     Despite these damages, General Star and Kuck have failed to adequately investigate, evaluate, and estimate Spring Street's claim. General Star's agents and adjusters have misrepresented the policy requirements and policy provisions to Spring Street. As a result, General Star has delayed Spring Street's claim and denied full, appropriate payment for the damages.

## V.     CAUSES OF ACTION

### a.     Breach of Contract

13.     Although Plaintiff Spring Street fully cooperated with Defendant General Star, and despite the fact that all conditions precedent to the recovery of benefits occurred, General Sar has failed and refused to pay Spring Street the benefits due under the insurance contract. This contract was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

14.     In reliance upon its representations, advertisements, recommendations, and special knowledge and expertise of Defendant General Star, Plaintiff purchased the insurance policy in question from Defendant which was represented to confer specific rights, remedies, benefits, and insurance coverages. Pursuant to the express terms of the insurance contract, Defendant General Star has breached its duties to Plaintiffs.

### b.   Violations of Chapters 541 and 542 of the Texas Insurance Code

15.     General Star and Dale Kuck violated the Texas Insurance Code and engaged in unfair claim settlement practices, including, but not limited to, the following:

a.     Knowingly misrepresenting to Spring Street pertinent facts or policy provisions relating to coverages at issue;

b.     Making untrue statements of material fact and/ or law;

c.     Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances in which the statements were made;

d.     Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact

e.     Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policy;

f.   Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policy;

g.   General Star failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim after liability had become reasonably clear;

h.   Failing to provide promptly to Spring Street, a policyholder, a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for General Star's denial of a claim or offer of a compromise of a claim;

i.   Compelling Plaintiff, a policyholder, to institute suit to recover amounts due under the policy at issue by offering substantially less than the amounts ultimately recovered in this lawsuit; or

j.   Failure to maintain information as required by Tex. Ins. Code § 542.005.

These violations by General Star and Dale Kuck have caused Spring Street to incur actual damages, including:

a.   All benefits owed under the policy;

b.   Additional non-economic damages;

c.   Additional interest due to the delay in the payment of this claim; and

d.   Attorney's fees.

16.   In addition, General Star and Dale Kuck's conduct was committed with malice, as that term is understood in Texas law. Because General Star has ratified and approved of the actions of its agents, employees, and representatives including those who meticulously and wrongfully denied and/ or failed to fully investigate Spring Street's claim, Spring Street is entitled to recover punitive damages.

17.     Furthermore, because General Star is 1) liable to Spring Street for a claim under the insurance policy at issue and 2) General Star is not in compliance with subchapter 542 of the Texas Insurance Code, General Star is liable to pay the holder Spring Street, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent per year as damages together with reasonable attorney fees. Because suit had to be filed, the attorney's fees shall be taxed as a part of the costs of this case and Plaintiff further asserts that Defendant is liable for a separate 18% penalty for each separate violation of this subchapter.

### c.   Breach of the Duty of Good Faith and Fair Dealing

18.     Defendants General Star and Dale Kuck breached their duties of good faith and fair dealing by failing to comply with Texas law concerning Plaintiff's claims. Furthermore, their violations of Chapters 541 and 542 of the Texas Insurance Code, described above, constitute additional breaches of the duty of good faith and fair dealing.

### d.   Violations of the Texas Deceptive Trade Practices Consumer Protection Act

19.     Plaintiff Spring Street is a "Consumer" as defined by Texas Business and Commerce Code § 17.45. Defendants' violations of the Texas Insurance Code are cross violations of the Texas Deceptive Trade Practices Consumer Protection Act. Additionally, Defendants violated this act by doing one or more of the following:

a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of the insurance policy and/or General Star's claims handling process;

b. Representing that the insurance policy and/ or General Star's claims handling process had sponsorship, approval, characteristics, uses, benefits, or qualities which it did not have;

c. Representing that the policy at issue or General Star's claims handling process was of a particular standard, quality, or grade, and they were not;

d. Advertising the policy at issue and General Star's claims handling process with the intent not to sell or perform as advertised; or

e. Representing that the policy at issue confers or involves rights, remedies, or obligations which the policy did not have.

20. Spring Street relied to its detriment upon the statements, representations, and warranties of General Star, its agents, employees, or representatives in deciding to purchase the policy at issue in this case as well as initially trusting General Star to properly and timely handle Plaintiff's claims. Defendants' actions were knowingly and/ or intentionally.

## VI.    DAMAGES

21. As a result of the Defendants' conduct complained of in this petition, Spring Street was required to engage the services of the law firm Hope & Causey, P.C. in order to pursue these claims. Spring Street is therefore entitled to reasonable and necessary attorney's fees for the breach of contract, Texas Deceptive Trade Practices Consumer Protection Act, and Texas Insurance Code violations. Because General Star's violations were done knowingly, intentionally, and/or with actual malice, Plaintiff is entitled to treble damages and punitive damage. Spring Street is also entitled to prejudgment and post judgment interest, statutory damages, and court costs. Spring Street seeks these damages in addition to its actual damages caused by General Star's failure to perform as obligated under the parties' contract.

## VII.    PRAYER

22. For these reasons, Plaintiff, Spring Street Property, LLC, asks that the Court issue citation for Defendants General Star Indemnity Company and Dale Kuck to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual Damages;

b. Prejudgment and post judgment interest;

c.  Statutory damages;

d.  Attorney's fees;

e.  Court costs; and

f.  All other relief to which Plaintiff may show itself justly entitled.


Respectfully submitted,


*/s/ Alexander Taylor*

_____
Alexander Taylor
State Bar No. 24098505
Hope & Causey, P.C.
P.O. Box 3188
Conroe, Texas 77308-3188
(936) 441-4673 – Metro
(936) 441-4674 – Facsimile
hcdocket@hope-causey.com

ATTORNEYS FOR PLAINTIFF

**Cause no. 20-07-08440 284th Judicial District Court**

### Clerk's Certificate of Service by Certified Mail:

I, Melisa Miller, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 20-07-08440, I executed the foregoing citation in Montgomery County, Texas on this the 22nd day of July, 2020, by placing in the United States Mail a true copy of this citation, with a true copy of the Plaintiff's Original Petition and Request for Disclosure attached thereto, via certified mail no. 9214 7969 0099 9790 1634 5019 56 and addressed to

General Start Indemnity Company
Corporate Secretary Attn Legal Department
PO Box 119
Stamford CT  06904

and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially July 22, 2020.

Melisa Miller, District Clerk
Montgomery County, Texas

By: 
Patricia Morrill



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee 9214 7969 0099 9790 1634 5019 56
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $    $2.85
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $  $0.00
Postage
$
Total Postage and Fees
$           $6.000
Sent To
General Start Indemnity Company
Corporate Secretary Attn: Legal Department
PO Box 119
Stamford, CT 06904

Street, Apt. No.,
or PO Box No.
City, State, Zip+4

Code: 20-07-08440

PS Form 3800, April 2015          See Reverse for Instructions

Cause no. 20-07-08440 284th Judicial District Court

**Clerk's Certificate of Service by Certified Mail:**

I, Melisa Miller, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 20-07-08440, I executed the foregoing citation in Montgomery County, Texas on this the 22nd day of July, 2020, by placing in the United States Mail a true copy of this citation, with a true copy of the Plaintiff's Original Petition and Request for Disclosure attached thereto, via certified mail no. 9214 7969 0099 9790 1634 5020 38 and addressed to

Dale Kuck
7900 Windrose Avenue
Plano TX 75024-0266

and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially July 22, 2020.

Melisa Miller, District Clerk
Montgomery County, Texas

By: Patricia Morrill

Patricia Morrill



# CITATION
### Cause Number: 20-07-08440

Clerk of the Court                    Attorney Requesting Service
Melisa Miller                         Alexander Taylor          RECEIVED
P.O. Box 2985                         P O Box 3188
Conroe, Texas 77305                   Conroe TX  77308-3188     JUL 2 8 2020
                 **THE STATE OF TEXAS**                         By:_____

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney
does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you.

To:    General Start Indemnity Company
       Corporate Secretary Attn Legal Department
       PO Box 119
       Stamford CT  06904

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and
Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after
the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County,
Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on this the 17th day of
July, 2020 numbered 20-07-08440 on the docket of said court, and styled, Spring Street Property, LLC, Joe
Harris VS. General Start Indemnity Company, Dale Kuck

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original
Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the
mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 22nd day of July,
2020.


                                          Melisa Miller, District Clerk
                                          Montgomery County, Texas

                                          By: _Patricia Morrill_____
                                          Patricia Morrill, Deputy

## OFFICER'S RETURN

Cause No. 20-07-08440          Court No; 284th Judicial District Court
Style: Spring Street Property, LLC, Joe Harris .VS. General Start Indemnity Company, Dale Kuck
To:          **General Start Indemnity Company**
Address:     **Corporate Secretary Attn Legal Department**
             **PO Box 119**
             **Stamford CT  06904**

Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____
County, Texas by delivering to each of the within named defendants in person, a true copy of this citation
with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's
Original Petition and Request for Disclosure at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is:
_____

And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy   $_____

                                                    _____**OFFICER**
TOTAL                       $_____

                                          _____County, Texas

                                By: _____, Deputy

**AFFIANT**
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with
Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and
return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:
My full name is _____       **Declarant/Authorized Process Server**
My date of birth is ____/____/____, and my address is
_____.            **ID# & Exp. Of Certification**
I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT                              **SWORN AND SUBSCRIBED ON**
Executed in_____, County, State of
_____, on the _____day of _____, 20____.
                                                          **DATE**

_____
**Declarant/Authorized Process Server**

_____
**ID# & Exp. Of Certification**
                                                          **NOTARY**

Received and E-Filed for Record
8/24/2020 9:59 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Tony Beltran

CAUSE NO. 20-07-08440

| | | |
|---|---|---|
| SPRING STREET PROPERTY, LLC AND JOE HARRIS | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 284TH JUDICIAL DISTRICT |
| GENERAL STAR INDEMNITY COMPANY AND DALE KUCK | § § § | |
| Defendants. | § § | MONTGOMERY COUNTY, TEXAS |

## DEFENDANT GENERAL STAR INDEMNITY COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant General Star Indemnity Company (hereinafter referred to as "Defendant" or "General Star") files this Original Answer to Plaintiff's Original Petition and Request for Disclosure and would respectfully show:

### I.
### GENERAL DENIAL

1.       Pursuant to Rule 92 of the Texas Rules of Civil Procedure, General Star generally denies each and every allegation contained in Plaintiff's Original Petition and demands that Plaintiff prove every fact in support of its claims by a preponderance of the evidence.

### II.
### ACCEPTANCE OF POTENTIAL LIABILITY OF ADJUSTER

1.       Pursuant to Texas Insurance Code section 542A.006, Defendant General Star elects to accept whatever liability Defendant General Star's insurance adjuster, Defendant Dale Kuck, might have to Plaintiff for Defendant Kuck's acts or omissions related to the claim at issue. This pleading constitutes Defendant General Star's written notice to the claimant under Insurance Code section 542A.006.  This election is unconditional and cannot be revoked pursuant to the statute.

### III.
### AFFIRMATIVE DEFENSES

Defendant General Star sets forth the following affirmative defenses to the allegations set forth in Plaintiff's Original Petition:

      a.     Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Original Petition fails to state a claim against General Star upon which relief can be granted.

      b.     Plaintiff's claims are barred, in whole or in part, by the terms, conditions, limitations, exclusions, and deductibles contained in policy number IMA316160B and any endorsements attached thereto issued to Plaintiff Spring Street Property, LLC, with effective dates of coverage from November 12, 2017 to November 12, 2018 (the "Policy"). The Policy speaks for itself and is the best evidence of any coverage it provides.

      c.     Because Plaintiff's claims are limited by the Policy's terms, conditions, limitations, exclusions, and deductibles, to the extent the claimed damage resulted from more than one occurrence, it is subject to multiple deductibles.

      d.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a covered cause of loss as required by the Policy.

      e.     Plaintiff's claims are barred, in whole or in part, to the extent that any part of the loss for which Plaintiff complains did not occur during the policy period.

      f.     Plaintiff's claims are barred, in whole or in part to the extent the damage claimed by Plaintiff was caused by "constant or repeated seepage or leakage of water or steam or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance."

g.     Plaintiff's claims are barred, in whole or in part to the extent the damage claimed by Plaintiff was caused by "'Fungi' Or Microbes."

h.     Plaintiff's claims are barred, in whole or in part to the extent the damage claimed by Plaintiff was caused by "wear and tear, marring, deterioration;" "rust or other corrosion, wet or dry rot;" or "latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself."

i.     Plaintiff's claims are further barred by Plaintiff's failure to allocate its alleged damages between losses caused by a covered cause of loss and those caused by non-covered losses such as damages which were caused by excluded causes of loss under the Policy.

j.     Plaintiff's claims are barred in whole or in part by the Policy's "Roof Exclusion," which states as follows:

> This policy does not provide coverage for any loss or damage to the roof(s) at the location(s) covered by this policy, including direct or indirect loss resulting from or contributed to by windstorm or hail, nor to interior or exterior water damage resulting from or caused by poor roof conditions.

k.     Plaintiff's claims are barred in whole or in part by the Policy's limited coverage for "Ordinance Or Law."

l.     Plaintiff's claims are barred in whole or in part to the extent the damage claimed by Plaintiff was caused by "[w]eather conditions."

m.     Plaintiff's claims are barred in whole or in part to the extent the damage claimed by Plaintiff was caused by "[f]aulty, inadequate or defective… [d]esign, specifications, workmanship, repair, construction, renovation, remodeling;… [m]aterials used in repair, construction, renovation or remodeling; or [m]aintenance."

n.     Plaintiff's claims are barred in whole or in part to the extent any portion of the claimed loss resulted from "neglect of an 'insured' to use all reasonable means to save a preserve property at and after the time of a loss."

o.     Plaintiff's claims are barred in whole or in part to the extent the insured failed to mitigate the loss as required by the Policy condition requiring an insured to "protect the property from further damage" and under common law.

p.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to give prompt notice of the claim as required by the Policy.

q.     Plaintiff's claims for coverage under the Policy has been fully adjusted and paid by General Star in accordance with the terms of the Policy. Plaintiff's claims are thus barred, in whole or in part, to the extent of General Star's prior payment(s) under the Policy, and Plaintiff's recovery under the Policy, if any, must be offset and reduced accordingly.

r.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. General Star and its employees, agents, representatives, and adjusters are entitled to value claims differently from its policyholders without facing bad faith or extra-contractual liability. Defendants would show that a bona fide controversy exists regarding the scope of any alleged covered loss.

s.     Plaintiff's claim(s) for exemplary and/or punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

(b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

t.      Plaintiff's claim(s) for exemplary and/or punitive damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

u.      To the extent Plaintiff has asserted claims against General Star under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153, and General Star is entitled to recover its court costs and reasonable and necessary attorneys' fees because any such claims under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment.

v.      Plaintiff's claims for 18% interest on any alleged failure to pay insurance benefits is barred in part by the Texas Insurance Code Section 542.060(c), which provides that, in an action to which Chapter 542A applies, the penalty for late payments by an insurer are to be determined by adding 5% to the interest rate set forth by Texas Finance Code Section 304.003, which is currently 5%.

w.     Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## <u>PRAYER</u>

Defendant General Star Indemnity Company prays that: (1) Plaintiff take nothing by his claims; (2) General Star be awarded judgment on Plaintiff's claims in their entirety; (3) General Star be awarded its costs; and (4) for all other relief, both special and general, at law or in equity, to which it is justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Lindsey P. Bruning*
    Kristin C. Cummings
    Texas Bar No. 24049828
    kcummings@zelle.com
    Lindsey P. Bruning
    Texas Bar No. 24064967
    lbruning@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEY FOR DEFENDANT GENERAL STAR INDEMNITY COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on August 24, 2020:

Alexander Taylor
State Bar No. 24098505
Hope & Causey, P.C.
P.O. Box 3188
Conroe, Texas 77308-3188
Telephone:     936-441-4673
Facsimile:     936-441-4674

**ATTORNEYS FOR PLAINTIFF**

*/s/ Lindsey P. Bruning*
Lindsey P. Bruning

Received and E-Filed for Record
9/1/2020 2:41 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

59022-7

# CITATION
## Cause Number: 20-07-08440

Clerk of the Court                    Attorney Requesting Service
Melisa Miller                         Alexander Taylor
P.O. Box 2985                         P O Box 3188
Conroe, Texas 77305                   Conroe TX  77308-3188

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney
does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you.

To:     Dale Kuck
        7900 Windrose Avenue
        Plano TX  75024-0266
        OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and
Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after
the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County,
Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on this the 17th day of
July, 2020 numbered 20-07-08440 on the docket of said court, and styled, Spring Street Property, LLC, Joe
Harris VS. General Start Indemnity Company, Dale Kuck

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original
Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the
mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 11th day of August,
2020.


                                        Melisa Miller, District Clerk
                                        Montgomery County, Texas

                                        By: Patricia Morrill
                                        Patricia Morrill, Deputy

## OFFICER'S RETURN

Cause No. 20-07-08440                    Court No: 284th Judicial District Court
Style: Spring Street Property, LLC, Joe Harris VS. General Start Indemnity Company, Dale Kuck
To:          Dale Kuck
Address:     7900 Windrose Avenue
             Plano TX  75024-0266
             OR WHEREVER THE ADDRESSEE MAY BE FOUND


Came to hand the ____day of _____, 20__, at _____ o'clock, and executed in _____
County, Texas by delivering to each of the within named defendants in person, a true copy of this citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original
Petition and Request for Disclosure at the following times and places, to wit:

Name                    Date/Time              Place, Course and distance from Courthouse
_____        _____         _____

Manner of service:  _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being: _____

And the cause of failure to execute this process is: _____
_____

And information received as to the whereabouts of said defendant(s) being: _____
_____

FEES:
Serving Petition and Copy   $_____

TOTAL                       $_____         _____OFFICER

                                                _____County, Texas

                                        By: _____, Deputy

AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with
Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and
return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:          _____
My full name is _____                 Declarant/Authorized Process Server
My date of birth is ____/____/____, and my address is
_____.           ID# & Exp. Of Certification
I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT                                 SWORN AND SUBSCRIBED ON
Executed in_____, County, State of
_____, on the _____day of _____, 20____.   _____
                                                             DATE
_____
Declarant/Authorized Process Server

_____                            _____
ID# & Exp. Of Certification                                  NOTARY

## CAUSE NO. 200708440

| | | |
|---|---|---|
| Spring Street Propety, LLC And Joe Harris | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| VS. | § | 284TH JUDICIAL DISTRICT |
| | § | |
| Dale Kuck | § | |
| Defendant. | § | MONTGOMERY COUNTY, TEXAS |

## RETURN OF SERVICE
## DALE KUCK

"The following came to hand on **Aug 25, 2020, 11:25 am,**

**CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,**

and was executed at **13138 Royal Bend Ln, Tomball, TX 77377** within the county of **Harris** at **03:22 PM** on **Thu, Aug 27 2020,** by delivering a true copy to the within named

### DALE KUCK

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Mark Debeyssey,** my date of birth is **03/24/1966,** and my address is **1400 Graham Drive Suite B 407, Tomball, TX 77375.** I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Harris** County, State of **TX,** on **August 30, 2020.**

_Mark Debeyssey_
_____
Mark Debeyssey
Certification Number: PSC-12131
Certification Expiration: 07/31/2021

RECEIVED AND FILED
FOR RECORD
9/2/20 at 7:01 AM
Melisa Miller, District Clerk
Montgomery County, Texas

**CAUSE NO. 20-07-08440**

| | | |
|---|---|---|
| **SPRING STREET PROPERTY, LLC; JOE HARRIS** | § | **IN THE DISTRICT COURT OF** |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| **GENERAL START INDEMNITY COMPANY; DALE KUCK** | § | **284TH JUDICIAL DISTRICT** |

## DOCKET CONTROL ORDER

IT IS ORDERED that this **Docket Control Order** shall control the disposition of this matter; the Texas Rules of Civil Procedure shall control in computing any period of time not addressed within this Order; and any date that falls on a weekend or legal holiday (as determined by the Montgomery County Commissioners Court) shall be moved to the first business day thereafter.

IT IS ORDERED THAT THE PLAINTIFF MUST IMMEDIATELY SEND A COPY OF THIS DOCKET CONTROL ORDER, BY A METHOD PRESCRIBED BY RULE 21a, TO EACH AND EVERY PARTY ANSWERING OR OTHERWISE APPEARING IN THIS CASE AFTER THE DATE THIS ORDER IS SIGNED.
.

1. **PLEADING DEADLINE:**                                    **150 DAYS BEFORE TRIAL**
   All amendments and supplements to pleadings must be filed by this date.

2. **EXPERT WITNESS DESIGNATION:**
   A list shall be filed which includes each expert's name, address, telephone number, the subject of the testimony, and the opinions that will be proffered by each expert. **Experts not listed in compliance with this paragraph will not be permitted to testify absent a showing of an exception under Rule 193.6.** A Rule 194 disclosure is not a substitute for this filed designation.
   (a)   **Parties seeking affirmative relief**          **150 DAYS BEFORE TRIAL**
   (b)   **All other parties**                                     **120 DAYS BEFORE TRIAL**

3. **DISCOVERY RESPONSES:**                            **90 DAYS BEFORE TRIAL**
   By no later than this date, all written discovery responses must be due, all responses and supplements must be completed, and all depositions must be completed, read, and signed.

4. **EXPERT CHALLENGE HEARINGS:**                **75 DAYS BEFORE TRIAL**
   All challenges to expert witnesses must be set for a hearing to occur by this date. Failure to obtain such a hearing is a waiver of any Rule 702 objection.

5. **SUMMARY JUDGMENTS:**                            **30 DAYS BEFORE TRIAL**
   All such motions shall be set for a submission docket which is no later than this date.

6. **MOTIONS FOR CONTINUANCE:**                  **15 DAYS BEFORE TRIAL**
   All motions for continuance of the Trial Date **must** be filed at least 15 days before the trial date, except in exigent circumstances, and will be considered by the Court without necessity of submission if they are agreed.

7. **JOINT NOTICE FILING:**                              **14 DAYS BEFORE TRIAL**
   All parties will file a SINGLE Joint Notice with the Court, answering:

(1)     Are you ready for trial?
(2)     What is the estimated length of time for trial?
(3)     Do you need a Pre-Trial conference and, if so, why?
    –       The Court will take up pre-trial motions in the hour prior to trial.  You should request a Pre-Trial conference only if you need more time than that.
(4)     Are there any pending motions?  If so, what are they and when were they filed?
(5)     Are there any special needs or accommodations for the presentation of the case, including any issues related to the availability of counsel and witnesses?

If there is a disagreement among the parties as to any of these five items, the Joint Notice will state the positions of each of the parties.

**ANY PARTY WHO FAILS TO PARTICIPATE IN THE DRAFTING PROCESS WILL BE SUBJECT TO SANCTIONS, INCLUDING DISMISSAL FOR WANT OF PROSECUTION AND A FINDING OF ABANDONMENT OF CLAIMS OR DEFENSES PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 165 AND 165a.**
–       If any party does not participate with the Joint Notice, the party or parties filing the Joint Notice shall identify who did not participate.

**IF A JOINT NOTICE IS NOT TIMELY FILED, THE COURT WILL PRESUME THAT THE PARTIES HAVE NO FURTHER INTEREST IN PURSUING OR DEFENDING THIS MATTER AND THE COURT WILL DISPOSE OF THIS SUIT BY DISMISSAL FOR WANT OF PROSECUTION AND A FINDING OF ABANDONMENT OF CLAIMS OR DEFENSES PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 165 AND 165a.**

8.      **PRE-TRIAL MATERIALS:**                                          **14 DAYS BEFORE TRIAL**
By no later than this date, all parties shall exchange with each other and file the following:

a.      **EXHIBIT LIST**. All exhibits to be offered at trial shall be pre-marked and identified by exhibit number on the list, with exhibits served on other parties, but not filed.  Any party requiring authentication of an exhibit must file and serve notice of same within 7 days after the exhibit is provided; FAILURE TO DO SO IS AN ADMISSION TO AN EXHIBIT'S AUTHENTICITY.  All exhibits which the parties agree to admit shall be admitted into evidence as a first order of business on the trial date.
b.      **WITNESS LIST.**          All witnesses who are anticipated to be called to testify at trial, including all experts shall be on the Witness List.
c.      **DEPOSITION EXCERPTS.**  All deposition excerpts that may be offered at trial *in lieu* of live testimony shall be identified by specific designated pages and line numbers.
d.      **MOTIONS *IN LIMINE*.**  Motions *In Limine* should be specific to the case.  Please do not duplicate the items which already appear in the Court's Standing Order *In Limine*.
e.      **JURY CHARGE.**          If the trial is to a jury, a proposed jury charge shall be both filed and provided <u>via email</u> to the Court Coordinator.
f.      **FINDING OF FACT/CONCLUSIONS OF LAW.**  If the trial is to the bench, proposed findings of Fact and Conclusions of Law shall be both filed and provided <u>via email</u> to the Court Coordinator.

9.      **PRE-TRIAL CONFERENCE**                                          **THURSDAY BEFORE TRIAL**
The Court will set pre-trial conferences based on the Court's own motion or on request of the parties.   The Court will notice all Pre-Trial conferences.  Only those parties notified by the Court shall appear.

10.     **TRIAL**                                                          **MAY 03, 2021**
This case is set for TRIAL on a two-week rolling docket beginning at 9:00 a.m. on the above date.  If the case is not assigned by the second Friday following this date, then the case will be reset.  **You are instructed to monitor the Court's website to determine at what date and time you should appear:**

https://www.mctx.org/departments/departments_d_-_f/district_courts/284th_district_court/trial_line-up.php

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOREGOING DATES AS CALCULATED FROM THE TRIAL DATE STATED HEREIN REMAIN THE APPLICABLE DEADLINES FOR THIS CASE EVEN IF THE TRIAL DATE IS RESET AND REGARDLESS OF THE REASON FOR ANY RESET.**
**Signed on this the 24th day of August, 2020**



**KRISTIN BAYS, JUDGE PRESIDING**
**284th JUDICIAL DISTRICT COURT**

Sent to:  hcdocket@hope-causey.com; lbruning@zelle.com;

Received and E-Filed for Record
9/18/2020 4:38 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Tony Beltran

CAUSE NO. 20-07-08440

| | | |
|---|---|---|
| SPRING STREET PROPERTY, LLC | § | IN THE DISTRICT COURT OF |
| AND JOE HARRIS | § | |
| | § | |
| *Plaintiffs,* | § | |
| | §§ | 284th JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| GENERAL STAR INDEMNITY | § | |
| COMPANY AND DALE KUCK | § | |
| | § | |
| *Defendants.* | § | MONTGOMERY COUNTY, TEXAS |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Dale Kuck (Kuck, "Defendant"), and files this its Original Answer, Demand for Jury Trial, and Request for Disclosure, in response to the causes of action brought by Plaintiff Brenda Owens. In support, Defendant would respectfully show the Court as follows:

### GENERAL DENIAL

1. Defendant asserts a General Denial to Plaintiff's Original Petition and all subsequent and amended Petitions as authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE and respectfully request that the Court and Jury require Plaintiff to prove Plaintiff's claims, charges, and allegations by that standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America. Defendant further reserves the right to amend this answer at a future date in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

## ALTERNATIVE AND/OR AFFIRMATIVE DEFENSES AND DENIALS

Pleading further and in the alternative, without waiving the foregoing:

2.      Defendant asserts that the negligence and/or actions of Plaintiff was, in whole or part, a proximate cause or producing cause of the occurrence in question and/or the alleged damages.

3.      Defendant asserts that the occurrence in question and/or the alleged damages were proximately and/or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendant has no right of control nor for whom Defendant is legally responsible. Furthermore, to the extent the acts and/or omissions for which Plaintiff complains were committed by persons subject to Defendant's supervision and control, Plaintiff's claims are barred against Defendant, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendant.

4.      Defendant asserts that Plaintiff's claims are barred against Defendant, in whole or in part, because the occurrence in question and the alleged damages, if any, occurred as the proximate result of some independent intervening cause which Defendant could not reasonably have foreseen and over which Defendant does not exercise any authority or control.

5.      Defendant asserts that, in the event Defendant is found liable to Plaintiff, any such liability being expressly denied, Defendant is entitled to contribution, credit, and/or indemnity, as provided by the laws and statutes of the State of Texas including, but not limited to, the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, as well as submitting issue of proportionate fault and/or proportionate responsibility to assigned by the tier of fact, as well as other applicable laws and statutes.

6.      Defendant asserts that Plaintiff failed, either in whole or in part, to mitigate damages as required under applicable law.

7.      Defendant is not in privity of contract with Plaintiff and, thus, is not liable under Plaintiff's contractual claims under the policy and any claims under Texas Insurance Code Chapter 542.

8.      Defendant denies that it breached any contract or violated any statutory or common law duty owed to Plaintiff, and Defendant denies that it violated the Texas Insurance Code or Texas Deceptive Trade Practices Act.

9.      Defendant denies that Defendant caused confusion or misunderstanding, that it made false or misleading statements that he misrepresented or failed to disclose any material information related to this matter, or that they engaged in any unconscionable course of conduct. Defendant further denies they committed fraud.

10.     Plaintiff's claims and the damages it seeks are barred because Plaintiff has failed to comply with or satisfy conditions precedent.

11.     Plaintiff's extra-contractual claims are barred because its contract claims are barred.

12.     Plaintiff has the burden of allocating between covered and uncovered perils and damages and, under the doctrine of concurrent causation, Defendant is not liable for any damages that are combined to create Plaintiff's loss.

13.     Plaintiff is not entitled to recover attorneys' fees because Plaintiff failed to provide a pre-suit demand and/or asserted an unreasonable and excessive pre-suit demand.

14.     Defendant is entitled to an offset and/or credit for any settlements and/or payments made under the insurance policy.

15.     Defendant is not liable to Plaintiff and does not owe the amounts claims and, thus, any payment would constitute unjust enrichment.

16.     Defendant pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.

17.     Pleading further and in the alternative, without waiving the foregoing, Defendant asserts that, if any exemplary damages are awarded, said damages are subject to the statutory limit set forth in the TEXAS CIVIL PRACTICE AND REMEDIES CODE § 41.001, *et. seq.*, other applicable statutory authority, and common law. Furthermore, any award of exemplary damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution, unless Plaintiff proves Defendant's liability for exemplary damages, and the amount of exemplary damages, if any, by clear and convincing evidence.

18.     Without waiving the foregoing and for further answer, if any be necessary, Defendant reserves the right to amend its answer to Plaintiff's allegations in accordance with the Texas Rules of Civil Procedure and/or other applicable law.

### DEMAND FOR JURY TRIAL

19.     Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby makes a demand for a jury trial in this cause. A jury fee is being paid simultaneously (or will be paid) with the filing of this demand.

### REQUEST FOR DISCLOSURE

20.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby requests that Plaintiff disclose the information or material described in Rule 194.2(a) through (l).

## RULE 193.7 NOTICE

21.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby gives actual notice to all parties that any and all documents produced may be used against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

Defendant prays that Plaintiff take nothing by reason of this suit, that Defendant herein be released, discharged and found not liable to Plaintiff, that the parties go hence with their costs, without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant is justly entitled.

Respectfully submitted,

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By:    /s/ Bruce R. Wilkin
     **Bruce R. Wilkin**
     Texas Bar No. 24053549
     bwilkin@shackelford.law
     **Dewey C. Dodson**
     State Bar No. 24116294
     ddodson@shackelford.law
     717 Texas Avenue, 27th Floor
     Houston, Texas 77002
     Phone: (832) 415-1801
     Fax: (832) 565-9030

ATTORNEY FOR DEFENDANT
DALE KUCK

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 18, 2020, a true and correct copy of the foregoing was served on all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE via electronic service.

Alexander Taylor                                                           ***Via Electronic Service***
Hope & Causey, P.C.
P.O. Box 3188
Conroe, Texas 77308-3188
hcdocket@hope-causey.com


        */s/ Bruce R. Wilkin*
        Bruce R. Wilkin

Received and E-Filed for Record
1/19/2021 10:48 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Tony Beltran

**CAUSE NO.: 20-07-08440**

| | | |
|---|---|---|
| **SPRING STREET PROPERTY, LLC**<br>**AND JOE HARRIS** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| | §<br>§<br>§ | |
| **VS.** | §<br>§<br>§ | **MONTGOMERY COUNTY, TEXAS** |
| | §<br>§ | |
| **GENERAL STAR INDEMNITY**<br>**COMPANY AND DALE KUCK** | §<br>§ | **284TH JUDICIAL DISTRICT** |

**PLAINTIFF'S REQUEST FOR JURY TRIAL AND MOTION TO STRIKE THE**

**NONJURY TRIAL SETTING**

Plaintiff, Spring Street Property, LLC, files this Request for Jury Trial and Motion to Strike the Nonjury Trial Setting, and in support thereof, would show This Honorable Court the following:

I.

Plaintiff hereby formally request a jury trial in this matter pursuant to Texas Civil Procedure Rule 216 and tenders the jury fee. Rule 216 provides that "no jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." This matter is currently set for a bench trial on May 3, 2021. Because this request is made more than 30 days before the current trial setting and is presumed to have been made a reasonable time before trial. *Halsell v. Dehoyos*, 810 S.w.2d 371, 371 (Tex.1991).

II.

Considering this request is made well in advance of the trial date, a jury will be available at that time. Moreover, this time frame operates such that a jury trial can be held in this matter without additional delay, any interference with the trial court's docket, or injury to the Defendants.

Finally, there are several disputed facts in this case, such as whether or not the defendant performed its contractual obligations, and therefore a directed verdict would be improper.

III.

Because of the foregoing, Plaintiff requests This Honorable Court strike the nonjury trial setting and set this matter for jury trial.

Respectfully submitted,

*/s/ Alexander S. Taylor*

_____
Alexander S. Taylor
State Bar No. 24098505
Hope & Causey, P.C.
P.O. Box 3188
Conroe, Texas 77308-3188
(936) 441-4673 – Metro
(936) 441-4674 – Facsimile
hcdocket@hope-causey.com

ATTORNEYS FOR PLAINTIFF

Received and E-Filed for Record
3/9/2021 2:38 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Melissa Morris

CAUSE NO. 20-07-08440

| | | |
|---|---|---|
| SPRING STREET PROPERTY, LLC AND<br>JOE HARRIS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | 284TH JUDICIAL DISTRICT |
| | § | |
| GENERAL STAR INDEMNITY<br>COMPANY AND DALE KUCK | § | |
| | § | |
| Defendants. | § | MONTGOMERY COUNTY, TEXAS |

### DEFENDANT GENERAL STAR INDEMNITY COMPANY'S UNOPPOSED MOTION TO DISMISS DEFENDANT DALE KUCK WITH PREJUDICE

Defendant General Star Indemnity Company ("General Star") moves this Court for an order dismissing Plaintiffs Spring Street Property, LLC and Joe Harris's ("Plaintiffs") action against Defendant Dale Kuck ("Kuck") with prejudice, and in support thereof would respectfully show:

1.    Plaintiffs filed their Original Petition on July 17, 2020 against Defendants.

2.    Defendant General Star elected to accept responsibility unconditionally for whatever liability Defendant Kuck might have to Plaintiffs, as reflected in Defendants' Original Answer to Plaintiffs' Original Petition filed on August 24, 2020.

3.    Section 542A.006(c) of the Texas Insurance Code provides: "If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice." Dismissal of Defendant Kuck is therefore both proper and non-discretionary. *See In Re QBE Specialty Insurance Company, Relator*, No. 01-19-00164-CV, 2020 WL 6140180, at *2 n.4. (Tex. App.—Houston [1st Dist.] Oct. 20, 2020, no pet. h.) (emphasizing the statute's language "*shall dismiss*" when noting that the insurer's adjuster was dismissed following the insurer's election of legal responsibility); *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*,

No. SA-19-CV-00773-XR, 2019 WL 6131455, at *5 (W.D. Tex. Nov. 18, 2019) ("Under Section 542A.006, this election is irrevocable and requires the dismissal of the action against [the adjuster]."). Accordingly, Defendant General Star asks this Court to dismiss Defendant Kuck.

4.      General Star's counsel has conferred with Plaintiffs' counsel, who stated that he was unopposed to the relief requested in this motion.

WHEREFORE, PREMISES CONSIDERED, Defendant General Star Indemnity Company requests that this Motion be granted and that Defendant Dale Kuck be dismissed, with each party bearing their own costs.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Lindsey P. Bruning*
    Kristin C. Cummings
    Texas Bar No. 24049828
    kcummings@zelle.com
    Lindsey P. Bruning
    Texas Bar No. 24064967
    lbruning@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:      214-742-3000
Facsimile:      214-760-8994

**ATTORNEYS FOR DEFENDANT GENERAL STAR INDEMNITY COMPANY**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs and counsel for Defendant conducted a conference in November 2020 and again on March 1, 2021, during which there was a substantive discussion of the issues presented to the Court in this motion. Counsel for Plaintiffs advised that he does not oppose the dismissal requested in this Motion.

*/s/ Lindsey P. Bruning*
Lindsey P. Bruning

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 9th day of March, 2021:

Alexander Taylor
State Bar No. 24098505
hcdocket@hope-causey.com
**HOPE & CAUSEY, P.C.**
P.O. Box 3188
Conroe, Texas 77308-3188
Telephone: (936) 441-4673
Facsimile:  (936) 441-4674

**ATTORNEYS FOR PLAINTIFF**

Bruce R. Wilkin
Texas Bar No. 24053549
bwilkin@shackelford.law
Dewey C. Dodson
State Bar No. 24116294
ddodson@shackelford.law
**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP**
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Phone: (832) 415-1801
Fax: (832) 565-9030

**ATTORNEY FOR DEFENDANT DALE KUCK**

*/s/ Lindsey P. Bruning*
Lindsey P. Bruning

Received and E-Filed for Record
3/9/2021 2:38 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Melissa Morris

CAUSE NO. 20-07-08440

| | | |
|---|---|---|
| SPRING STREET PROPERTY, LLC AND JOE HARRIS | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 284TH JUDICIAL DISTRICT |
| GENERAL STAR INDEMNITY COMPANY AND DALE KUCK | § § § | |
| Defendants. | § § | MONTGOMERY COUNTY, TEXAS |

## ORDER GRANTING UNOPPOSED MOTION TO DISMISS DEFENDANT DALE KUCK WITH PREJUDICE

Defendant General Star Indemnity Company ("General Star") moves this Court to dismiss Plaintiffs Spring Street Property, LLC and Joe Harris's ("Plaintiffs") action against Defendant Dale Kuck ("Kuck") with prejudice. After considering the Motion, this Court is of the opinion that the Motion should be, in all things, **GRANTED**.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant General Star Indemnity Company's Unopposed Motion to Dismiss Defendant Dale Kuck with Prejudice in its entirety is hereby GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all costs of Court and attorneys' fees shall be taxed to the party incurring same.

3/9/2021 4:17:32 PM

**SIGNED** this _____ day of _____ 2021.

_____

JUDGE PRESIDING

---

Minute
11th of March, 2021